**Lynne GUILLOT, a single woman,**
**Plaintiff—Appellant,**

v.

**POTLATCH CORPORATION,**
**a Delaware corporation,**
**Defendant—Appellee.**

No. 05–35234.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 27, 2006.

Filed Nov. 8, 2006.

Jon Howard Rosen, Esq., Frank Freed Subit & Thomas, LLP, Seattle, WA, for Plaintiff–Appellant.

Eric Karl Peterson, Esq., Clements Brown & McNichols, Lewiston, ID, for Defendant–Appellee.

Before: GOODWIN and KOZINSKI, Circuit Judges, and SHADUR,* Senior Judge.

## MEMORANDUM **

 Washington's choice-of-law rules require us to determine whether there is an actual conflict between the laws of the two jurisdictions and, if so, which jurisdiction has the most significant contacts with the case. *Burnside v. Simpson Paper Co.,* 123 Wash.2d 93, 864 P.2d 937, 940–41 (1994). There is an actual conflict here, because Idaho, unlike Washington, requires that a plaintiff lodge a complaint with the state human rights commission before filing an employment discrimination suit. *Compare* Idaho Code Ann. § 67–5908(2), *with* Wash. Rev.Code §§ 49.60.020, 49.60.230. Idaho has the more significant contacts with this case: Plaintiff is domiciled in Idaho and most of the actions giving rise to the complaint took place there. Assuming that the relevant portion of the state appeals court opinion in *Burnside v. Simpson Paper Co.,* 66 Wash.App. 510, 832 P.2d 537 (1992), remains good law, it does not require a contrary conclusion, because defendant in *Burnside* was incorporated in Washington, whereas defendant here is incorporated in Delaware. *Id.* at 544. Washington's interest in *Burnside* was obviously greater than it is here.

**AFFIRMED.**

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

